## Greer v. Rose.

June 13, 1939.

D. W. Caudill, Judge.

Prewitt & Prewitt for appellant.

W. C. Hamilton for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The title to a tract of land consisting of about 8 acres is involved in this litigation.

James Greer brought an action against Joe Rose, who was in possession of the tract in dispute alleging that he was the legal owner and entitled to possession of the land. The action was really one in ejectment, but apparently was treated as an action to quiet title. In an answer and counterclaim, Rose denied that plaintiff was the owner or entitled to the possession of the land, and alleged that he, the defendant, had the legal title to and was in the actual possession of the land claimed by the plaintiff in the petition. He further alleged that he and those under whom he claimed had occupied the land openly, adversely and continuously for more than 30 years, claiming same to a well-defined boundary line. He also alleged that plaintiff's deed was champertous, and void to the extent that it attempted to convey the land then under enclosure and in the actual adverse possession of defendant. The chancellor adjudged that the defendant was the owner of the land, and dismissed plaintiff's petition. The plaintiff has appealed.

On October 20, 1928, Stella Turner, for a consideration of $800, conveyed to Joe Rose a tract of land containing 34 acres more or less. It was surveyed after this litigation started, and was found to contain 46.4 acres. The same land had been conveyed to Stella Turner by Roscoe Green October 25, 1925. The description of the land in the deed reads in part: "Thence south with Greer's line and J. B. Spratt's line to Daniel Harris Line, and with his line and Tom Richardson's line to the beginning." This line includes the land in dispute.

James Greer alleged in his petition that C. W. Harris conveyed to him 25 acres of land, including the land in dispute, and that Harris acquired title by commissioner's deed dated October 17, 1917. These deeds were not produced, but Greer testified that a tract of 28 acres of land was conveyed to him by George Eastin and C. W. Harris in 1933. It was the land formerly owned by Dan Harris, a negro, who lived on it until his death. The Harris land adjoined other land owned by appellant, he having theretofore purchased the Spratt land. A deed dated February 24, 1891, from Greenberry Martin and others to Wash Harris and Dan Harris, conveying 25 acres, 2 roods and 23 poles of land for a consideration of $200, was introduced in evidence. The land conveyed by this deed was described by metes and bounds, and there was some evidence that it included

the land in dispute. The proof for appellee showed that a wire fence extended along the northern and eastern boundary lines of the 8-acre tract in dispute at the time he purchased the land from Stella Turner. From 1928 until Greer purchased the Harris tract in 1933 appellee cut timber on and cultivated the 8-acre tract. Two witnesses who lived in the neighborhood and had known the land for 30 or 40 years testified that the 8-acre tract had been used and claimed by the various owners of the tract purchased by appellee, and that Dan Harris, during his lifetime, never used or claimed it. It had been enclosed with appellee's land by a wire fence for at least 30 years. Goebel Greer, son of appellant, testified that he and Roscoe Green repaired or rebuilt the wire fence along the northern line of the land in dispute about 1924. Green at that time owned the land now owned by appellee. It is not claimed that this was a conditional line established by adjoining landowners, but it indicates that appellant at that time understood that the land then owned by him adjoined the Green land and that the Harris land did not separate the two tracts. There is some conflict in the testimony, which is meager on the pivotal points, but we think the chancellor's judgment is supported by the preponderance of the evidence.

Judgment affirmed.